IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-02-5(1) |
| | § | |
| JUAN VILLARREAL, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION**

Defendant Juan Villarreal ("Villarreal")[1] was sentenced in this criminal case on June 19, 2002. (D.E. 56). Judgment of conviction and sentence was entered on June 25, 2002. (D.E. 58). Defendant did not appeal, and did not file any post-conviction motions until November 21, 2005, when the Clerk received his "Motion to Preserve a Booker Claim." (D.E. 63). In his motion, Defendant explains that he is filing his motion in order to "preserve" a claim under United States v. Booker, 125 S. Ct. 738 (2005), in the event that the Supreme Court makes a determination in the future that Booker is retroactively applicable on collateral review. For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE.

**I.   CHARACTERIZATION OF MOTION**

Nowhere does Villarreal's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for a challenge under Booker is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct,

---

[1] In his motion, Villarreal idenitifes himself as "Juan Jose-Villarreal," but in the underlying criminal proceedings, he was identified only as "Juan Villarreal." For consistency's sake, the Court utilizes the latter name herein.

1

vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

Moreover, Villarreal apparently recognizes that if he were to file a § 2255 motion at this point in time, asserting only a Booker claim, it would likely be dismissed as time-barred. That is, in order for it to be timely, the Court would have to conclude that it was brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3). The Fifth Circuit has joined the vast majority of circuits to conclude that Booker is not retroactively applicable on collateral review. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (per curiam).[2] Thus, § 2255 ¶6(3) would be of no benefit to Villarreal at this time.

---

[2] The Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005); United States v. Humphress, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); Varela v. United States, 400 F. 3d. 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (per curiam); United States v. Morris, 2005 WL 2950732 (4th Cir. Nov. 7, 2005).

Accordingly, rather than construing his motion as a § 2255 motion, this Court DENIES his motion without prejudice to his ability to file a proper § 2255 motion.

The Court understands that Villarreal is simply trying to preserve his rights under Booker, in the hopes that the Supreme Court will determine that the case should be applied retroactively.  He has cited to no authority, however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

Additionally, Villarreal also correctly recognizes that, if the Supreme Court ultimately decides Booker is retroactively applicable, he will have to have filed his § 2255 motion not later than January 12, 2006.  Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted).  The likelihood of the Supreme Court ruling on the issue before January 12, 2006 is slim. See Dodd, 125 S. Ct. at 2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").  Thus, it is quite possible that Villarreal will be unable to obtain relief under Booker, even if the Supreme Court eventually determines the case should be applied retroactively on collateral reivew.  This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite."  See id.

Thus, although the Court recognizes that Villarreal is simply attempting to "preserve" his right to assert a future claim under Booker, there is no authority for the Court to allow his motion to remain pending indefinitely.

## II.   CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 63) is DENIED WITHOUT PREJUDICE to his ability to raise his substantive claim in a proper § 2255 motion. But see discussion supra at page 2 (concerning timeliness of motion).

It is ORDERED this 5th day of December 2005.

_____
HAYDEN HEAD
CHIEF JUDGE